

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| SHAHID L.A. MAJID,                §<br>        Plaintiff,        §<br>                                §<br>vs.                             §     Civil Action No. 0:20-01900-MGL<br>                                §<br>MD FERNANDO NAVARRO and         §<br>PRISMA HEALTH,                  §<br>        Defendants.             § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Pro se Plaintiff Shahid L.A. Majid (Majid) filed this 42 U.S.C. § 1983 action against Defendants MD Fernando Navarro (Navarro) and Prisma Health. In Majid's amended complaint, he alleges the following claims: retaliation in violation of the First Amendment; deliberate indifference to serious medical needs in violation of the Eighth Amendment; disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*.; medical malpractice and gross negligence under the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. § 15-78-10 *et seq*.; and breach of contract.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Navarro and Prisma Health's motions for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed her Report on March 17, 2021. The Clerk of Court entered Majid's objections relating to his claims against Navarro on April 5, 2021. Also, that same day, the Clerk of Court entered Majid's objections regarding his claims against Prisma Health. Prisma Health filed its reply to Majid's objections on April 19, 2021, and Navarro filed his reply on April 21, 2021. Majid then filed a sur reply to Navarro's response. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Majid is currently incarcerated in the South Carolina Department of Corrections (SCDC), serving an eighty-year sentence for criminal conspiracy, attempted armed robbery, a firearms provision, and murder. While incarcerated, Majid has received numerous disciplinary sanctions for inappropriate behavior. Majid is presently incarcerated at Perry Correctional Institution within the SCDC.

Navarro and Prisma Health provide medical care to SCDC inmates such as Majid. As is relevant here, Navarro performed a hernia surgery on Majid on May 11, 2017, at a hospital managed by Prisma Health. After the surgery, Majid allegedly began to urinate blood and was in

pain. Navarro purportedly informed Majid he "would need to stay in an infirmary for two to three weeks" but "SCDC officials told [Navarro] that SCDC did not have an infirmary in which [Majid] could be placed." Report at 2 (citing Majid's Am. Compl. at 3). SCDC personnel also supposedly informed Navarro "that after the surgery, [Majid] would be placed back in his cell on lock-up." *Id.* Majid claims Navarro "conspired with SCDC officers in retaliation for [his] filing lawsuits against them." *Id.* He also contends a nurse threw away his kufi and prayer book while he was in surgery.

The day after Majid's surgery, he allegedly "fell out of bed in his cell at SCDC and was knocked unconscious." *Id.* (citing Majid's Am. Compl. at 4). Majid reportedly remained on the floor unconscious for a period of two hours and was taken to a hospital. In Majid's amended complaint, he avers Navarro and Prisma Health: "retaliated against him in violation of the First Amendment and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment[,]" *id.*; Navarro and Prisma Health "were negligent, grossly negligent, and breached their contract with SCDC[,]" *id.*; and, Navarro and Prisma Health violated the ADA.

The Magistrate Judge, in her Report, recommends the Court grant Navarro and Prisma Health's motions for summary judgment because Majid's claims are barred by the statute of limitations. *See id.* at 4 (noting Majid's "surgery occurred on May 11, 2017" and he "filed this action on May 14, 2020[,] by delivering the [c]omplaint to the prison mailroom."). Thus, according to the Magistrate Judge, Majid "filed this action more than three years after the event giving rise to his claims, which is beyond the statute of limitations for each cause of action raised by [him]." *Id.* Furthermore, in the Magistrate Judge's Report, she avers:

> Even if [Majid]'s claims were not time barred, the defendants would be entitled to summary judgment on [the] other grounds of their motions. Specifically, Prisma Health would be entitled to summary judgment because (1) [Majid] failed to point to any evidence that

3

> Prisma Health is a state actor amenable to suit under § 1983; (2) [Majid] failed to point to any evidence that Prisma Health discriminated against [him] based on a disability; (3) [Majid] failed to comply with the pleading requirements for a medical malpractice action under S.C. Code Ann. § 15-36-100(B); and (4) [Majid] failed to point to any facts that would establish that he had a contract with Prisma Health. [Navarro] would be entitled to summary judgment because (1) [Majid] failed to point to any evidence that [Navarro] conspired with SCDC officials to violate [his] rights; (2) there is no individual liability pursuant to the ADA; (3) [Navarro] failed to comply with the pleading requirements for a medical malpractice action under S.C. Code Ann. § 15-36-100(B); and (4) [Navarro] failed to point to facts establishing that he had a contractual relationship with [Navarro].

*Id.* at 6 fn 4 (citations omitted).

The Court, liberally construing Majid's objections, identifies seven objections. Concerning the first objection, Majid objects to the Magistrate Judge's conclusion his claims are barred by the statute of limitations because he alleges he placed his complaint in the prison mailbox on May 8, 2020, within three years from the date of his hernia surgery. Hence, according to Majid, the Magistrate Judge's recommendation the Court grant Navarro and Prisma Health's motions for summary judgment for failure to comply with the statute of limitations is without merit.

As noted by the Magistrate Judge in her Report, the statute of limitations for all of Majid's claims are no longer than three years. *See* Report at 4–5 (citing to relevant and applicable case law pertaining to the statute of limitations for the types of causes of action made by Majid in his amended complaint). Thus, as the surgery occurred on May 11, 2017, and Majid's allegations demonstrate his alleged awareness of the injury occurred on that day, his lawsuit must have been filed no later than May 11, 2020, to comply with the statute of limitations.

An inmate's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988). The envelope containing Majid's initial complaint contained a Broad River Correctional Institution (BRCI) "RECEIVED"

4

stamp dated May 14, 2020. Thus, direct evidence shows Majid delivered his complaint to prison authorities for forwarding to the district court on May 14, 2020.

Majid, in his objections, avers he placed his complaint in the BRCI mailbox on May 8, 2020. To support this contention, he points to his cover letter attached to the complaint that is directed to Robin Blume, the Clerk of Court. The cover letter is dated May 8, 2020. But, at the summary judgment stage of this proceeding, Majid must present evidence that would support a jury verdict in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."). Majid, in order to defeat Navarro and Prisma Health's motions for summary judgment, "must present affirmative evidence." *Id.* at 257.

Here, Majid has failed to present affirmative evidence from which a jury might return a jury verdict in his favor regarding the placement of his complaint in the BRCI mailbox. An inmate's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court, *Houston*, 487 U.S. at 270–71, not at the date an inmate addresses his cover letter to the Court. And, the unchallenged BRCI date stamp indicates Majid delivered a copy of the complaint to the mailroom on May 14th. Accordingly, Majid's failure to comply with the statute of limitations for all of his claims proves fatal to his amended complaint, and this objection will be overruled.

Inasmuch as Majid failed to comply with the statute of limitations for all of his claims, the Court need not address the remaining conclusory objections because his amended complaint must be dismissed as a matter of law. Alternatively, even if the Court considered Majid's filing to be

timely, the Court would overrule his remaining objections for the same reasons as articulated by the Magistrate Judge in her Report.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Majid's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Navarro's motion for summary judgment is **GRANTED** and Prisma Health's motion for summary judgment is **GRANTED**.  All other motions are **DEEMED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 1st day of September 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.